[Civ. No. 13105.   Second Dist., Div. Two.—July 9, 1941.]

BUFORD W. HALL et al., Respondents, v. JACOB DEK-
KER et al., Appellants.

Carson B. Hubbard and Austin Clapp for Appellants.

C. P. Von Herzen and Burton B. Crane for Respondents.

McCOMB, J.—From 1) a judgment in favor of plaintiffs in an action to recover damages and for an injunction predicated upon a cause of action alleging unfair competition, and 2) a judgment in favor of defendant Dekker on a cross-complaint to recover the amounts due upon a promissory note and for breach of a contract with plaintiffs Hall, after trial before the court without a jury, defendants appeal.

The evidence being viewed most favorably to plaintiffs (respondents), the essential facts are:

May 25, 1930, plaintiffs Hall commenced a floral business in the city of Los Angeles. Their principal activity was the shipping of flowers to retail florists in Texas and other states. In 1930 they employed defendant Dekker to operate and manage their Los Angeles business. In September of 1931, said defendant became a partner with plaintiffs Hall, and the business was continued until November 1, 1934, under the name of Buford W. Hall Wholesale Florists. On the date last mentioned plaintiffs Hall and defendant Dekker incorporated the business under the name of Buford W. Hall Wholesale Florists. Each partner received one-third of the capital stock of the corporation. Defendant Dekker was elected vice-president of the corporation.

In 1935 defendant Dekker purchased from Buford W. Hall sufficient stock to give him a fifty per cent stock ownership of the corporation. On November 5, 1937, the parties entered into the following agreement:

"AGREEMENT FOR SALE OF STOCK.

"This agreement, made and entered into this 5th day of November, 1937, by and between Jacob Dekker, hereinafter

referred to as the Party of the First Part, and Buford W. Hall and Johnnie Harris Hall, his wife, Parties of the Second Part,

"Witnesseth:

"That whereas, the parties hereto are the owners of all the issued capital stock of the Buford W. Hall Wholesale Florists, a corporation, duly organized and existing under and by virtue of the laws of the State of California, and the said Parties of the Second Part desire to purchase from the Party of the First Part all of the stock in said corporation now held by him,

"Now, Therefore, it is hereby agreed by and between the parties hereto as follows:

"That the Party of the First Part agrees to sell to the Parties of the Second Part and the Parties of the Second Part agree to purchase from said Party of the First Part the fifty (50) shares of the capital stock of Buford W. Hall Wholesale Florists, a California corporation, for the sum of sixteen thousand dollars ($16,000.00), payable in the following manner, to wit: Two thousand dollars ($2,000.00) on or before the 15th day of November, 1937, and three thousand dollars ($3,000.00), or more, on the 15th day of June of each year thereafter until said sum of sixteen thousand dollars ($16,-000.00) shall have been paid in full.

"Said deferred payments shall bear interest at the rate of four per centum (4%) per annum, payable on the 15th day of January, and the 15th day of June of each year, commencing January 15th, 1938, and said interest payments shall be in addition to the payments of principal hereinbefore provided for.

"It is further agreed that as part of said purchase price the said Parties of the Second Part shall pay to the Party of the First Part in addition to said sum of sixteen thousand dollars ($16,000.00), and interest, the sum of twenty dollars ($20.00) per week until all payments hereinabove referred to shall have been made as herein provided.

"It is understood and agreed that a promissory note signed by the Parties of the Second Part in favor of the Party of the First Part shall be executed herewith and that all of the issued capital stock of said corporation shall be deposited by the Parties of the Second Part with the Party of the First Part as collateral security for the payment of said note.

"In Witness Whereof, the parties hereunto have hereunder subscribed their names on the date in this agreement first above written.

> "JACOB DEKKER
> Party of the First Part
> BUFORD W. HALL
> JOHNNIE HARRIS HALL
> Parties of the Second Part."

November 8, 1937, defendant Dekker, a director of Buford W. Hall Wholesale Florists, Inc., was elected to the office of secretary-treasurer for the ensuing year. He signed the minutes as secretary and again on January 29, 1938, he signed the minutes of the corporation as secretary, and so far as the record discloses he is still a director of the corporation.

January 15, 1938, defendant Beatrice M. Dettweiler acting on behalf of her minor son Arthur Dettweiler, defendant Walker Dekama acting on behalf of his minor son Ebbo Dekama,- and defendant Kiyomi Takata organized a corporation under the name of United Wholesale Florists of California, Inc., for the purpose of shipping flowers to wholesale and retail dealers in California and elsewhere (this being the same business in which plaintiffs were engaged). The city of Los Angeles was its principal place of business. Defendants Beatrice M. Dettweiler, Walker Dekama, and Kiyomi Takata were formerly employees of plaintiffs. This latter corporation was promoted and inspired by defendant Dekker, who helped to finance the corporation, worked for it, and, having obtained a list of plaintiffs' customers, solicited many of them and obtained orders from them for flowers.

### (1)

*Defendants' Appeal From the Judgment in Favor of Plaintiffs.*

Defendants contend, among other propositions, *that the evidence fails to disclose a cause of action against them.*

■ This proposition is untenable. The third count of plaintiffs' complaint contained the essential allegations for a cause of action for unfair competition. It is the established law that a director or officer of a corporation may not enter into a competing enterprise which cripples or injures the business of the corporation of which he is an officer or director (*Red Top Cab Co.* v. *Hanchett,* 48 Fed. (2d) 236, 238;

*Hussong Dyeing Mach. Co.* v. *Morris,* (N. J.) 89 Atl. 249, 250). Vice-Chancellor Leaming thus accurately states the rule in *Hussong Dyeing Mach. Co.* v. *Morris, supra,* at page 250:

" . . . It was not lawfully possible for the defendant, while a director and treasurer of complainant corporation, to enter into an opposition business in his own behalf of such a nature that it would cripple or injure the corporation that he represented, . . . "

In the present case there is substantial evidence to sustain the findings of fact set forth above, which when applied to the rule of law hereinbefore mentioned, disclosed that defendant Dekker, while a director and officer of plaintiff corporation, unlawfully assisted in organizing defendant corporation and aided his codefendants in entering into a competing business with that in which plaintiffs were engaged, knowing that to do so would injure plaintiff corporation, and which in fact did deprive plaintiff corporation of business and thus caused it monetary injury.

It is unnecessary for us to discuss the other errors urged by defendants relating to the judgment against them, for the reason that the rule is established that a judgment will not be reversed for insufficiency of the evidence or defects in other counts of a complaint if a judgment is sustained by one count of the complaint, as in the present case, which count in turn is supported by substantial evidence (*Martin* v. *Los Angeles Turf Club, Inc.,* 39 Cal. App. (2d) 338, 349 [103 Pac. (2d) 188]).

### (2)

*Defendant Dekker's Appeal From the Judgment on His Cross-Complaint.*

Defendant Dekker urges *that there is no substantial evidence to sustain the trial court's finding of fact on his cross-complaint, which reads as follows:*

"*That the acts and conduct of the defendant, Jacob Dekker, in promoting a competing business to that of the plaintiffs and the solicitation of the plaintiffs' customers was and is unlawful and by reason of such acts and conduct of the said defendant, the time during which the promissory note of the plaintiffs, Buford W. Hall and Johnnie Harris Hall, hereinbefore described, remained unpaid, was extended and delayed during the pendency of this action and by such acts*

*and conduct the defendant, Jacob Dekker, prevented the plaintiffs from paying and discharging said promissory note until said acts and conduct were determined judicially to be unlawful and in violation of the defendant, Jacob Dekker's, agreement not to compete, and the amount of plaintiffs' loss and damages were determined by the court, and in equity and good conscience the said defendant is not entitled to the sum of $20.00 per week under said agreement hereinabove described."*

This proposition is tenable. In the foregoing finding of fact the trial court found that the "acts and conduct" of "defendant, Jacob Dekker, prevented the plaintiffs from paying and discharging said promissory note." The promissory note referred to is the one mentioned in the agreement of November 5, 1937, between the parties, which is set forth in full above. On this finding of fact the trial court predicated its conclusion that defendant Dekker was not entitled to recover $20.00 per week so long as the promissory note remained unpaid.

An examination of the record fails to disclose any substantial evidence to support the portion of the finding of fact just mentioned. Therefore, the trial court was in error in not giving judgment on the cross-complaint in favor of defendant Dekker for the accrued and unpaid installments of $20.00 per week which plaintiffs Hall had agreed to pay to him until the promissory note which they had given in the sum of $16,000 was paid in full.

■ The law is settled that where covenants of a contract are to be performed at different times, they are independent, and the breach by one party of his covenant does not excuse the performance by the other party of his covenant or relieve him of liability for damages for a breach thereof (*Fresno Canal & Irr. Co.* v. *Perrin,* 170 Cal. 411, 416 [149 Pac. 805]).

For the foregoing reasons 1) the judgment in favor of plaintiffs is affirmed, and 2) the judgment in favor of defendant Dekker on his cross-complaint is modified to provide that he recover the amount of accrued and unpaid installments under the agreement of November 5, 1937, in the sum of $20.00 per week as set forth in the second cause of action of his cross-complaint.

As thus modified the judgment on the cross-complaint is affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied August 4, 1941, and appellants' petition for a hearing by the Supreme Court was denied August 28, 1941.