[Civ. No. 17879. First Dist., Div. One. Feb. 6, 1959.]

CAVANAUGH NAILING MACHINE COMPANY (a Corporation), Appellant, v. ARTHUR CAVANAUGH, Respondent.

Haradon M. Dillon for Appellant.

Bernard Mendl for Respondent.

WOOD (Fred B.), J.—Plaintiff is a corporation engaged in the business of manufacturing and selling nailing machines. It brought this action against its former president and general manager to enjoin him from the conduct of a competing business upon which he has embarked, also for an accounting and for declaratory relief.

The parties are agreed upon the following facts as shown by certain allegations of the complaint which defendant by his answer has admitted:

In 1948 defendant and Dr. Warren E. Page orally agreed to work together, pooling their inventive ideas and funds in a joint venture to perfect and market nailing machines, sharing profits equally, each to own an undivided half interest in machines developed or produced, Page to furnish the funds

required for such joint venture to the extent of his ability so to do. In 1949, defendant and Page entered into a partnership for the purpose of manufacturing and marketing nailing machines, all profits to be divided evenly between them. In 1952, defendant and Page incorporated the partnership, the corporation so formed being the plaintiff herein. Thereafter, until February 29, 1956, defendant was president and general manager of plaintiff. On or about March 7, 1956, defendant resigned as general manager of plaintiff. On or about March 14, 1956, defendant established next door to plaintiff's principal office a business consisting of the manufacture, sale and repair of mechanical nailing machines and parts identical with the mechanical nailing machines and parts being manufactured, sold and repaired by plaintiff during the time defendant was employed by plaintiff.

The principal issue framed by the pleadings was whether the business of the joint venture, the partnership and the plaintiff corporation, embraced the production, manufacture and sale of all nailing machines, mechanical as well as magnetic, as alleged by the plaintiff, or merely one certain type of magnetic nailing machine, identified by a certain patent, as alleged by the defendant.

Another issue was whether or not the mechanical nailing machine now manufactured by the defendant constituted a trade secret of the plaintiff at the time defendant resigned as general manager, as alleged by the plaintiff and denied by the defendant.

Another issue was whether the mechanical machine which defendant is now manufacturing was developed by him at the expense of plaintiff and in the course of defendant's employment by the plaintiff, as alleged by the plaintiff and denied by the defendant.

The trial court found for defendant upon these issues. It concluded that plaintiff has no interest in the mechanical nailing machine now being independently manufactured by the defendant and that the defendant has violated no fiduciary relation between himself and plaintiff in the production and sale of this machine which is a copy of the theory of a certain machine patented by certain third parties, which patent has expired.

(1) *Plaintiff claims prejudicial error in the exclusion of the testimony of Honorable Charles W. Fisher, Judge of the Municipal Court, Oakland.*

Defendant and Page consulted Judge Fisher as attorney

(prior to his becoming a judge) in relation to their joint venture and their partnership undertakings. Also, he organized the plaintiff corporation for them. Plaintiff called Judge Fisher as a witness to testify concerning those transactions and the promises and undertakings made by defendant during the course thereof. Upon defendant's objection the court excluded such testimony upon the ground of the attorney-client privilege accorded by section 1881 of the Code of Civil Procedure.

This exclusion was clearly erroneous. ▮ "Where two persons mutually employ the same attorney to represent them as their common agent and attorney in a particular transaction, the communications made by either of them in the presence of the other to the attorney are privileged as to strangers to the transaction, but are not privileged as between either of them and the attorney . [Citations.]" (*Petty* v. *Superior Court,* 116 Cal.App.2d 20, 29 [253 P.2d 28].)

▮ Defendant concedes upon this appeal that the Petty case correctly states the law and that the exclusion of Judge Fisher's testimony was in error. He urges that the testimony excluded was merely cumulative in nature and, therefore, its omission was not prejudicial. We do not so view it. The scope and terms of the joint venture and of the partnership depended upon oral agreements and the incorporation was an incorporation of the partnership business. Defendant and Page differed radically as to those terms and Judge Fisher's testimony would have corroborated that of Page. Those issues depended upon the credibility, respectively, of defendant and Page. Judge Fisher was the only other witness who did not have an interest in the outcome of the litigation and who was called to testify upon the pivotal issues of the case. We conclude that the exclusion of his testimony was prejudicially erroneous.

▮ (2) *Testimony by defendant that Dr. Page had treated him for epilepsy was erroneously admitted into evidence for the purpose of impeachment.* Dr. Page had been asked, upon cross-examination, if he had not treated defendant for epilepsy. The doctor replied that he had not. That was a collateral matter. Accordingly, Page's answer was conclusive on the defendant and could not be contradicted by him. (*Estate of Gird,* 157 Cal. 534, 548 [108 P. 499, 137 Am.St. Rep. 131] ; *People* v. *Pianezzi,* 42 Cal.App.2d 270, 278 [108 P.2d 685].)

(3) *Other questions discussed by the parties involve, principally, the sufficiency of the evidence to support certain other findings.*

No purpose would be served for us to discuss those questions in view of the need for a new trial which might develop a quite different set of facts, findings and conclusions.

(4) *Upon a new trial, if one is had, the parties and the court might want to consider the question whether the pleadings present an alleged usurpation of the corporate opportunity,* even though not expressly so labelled. That doctrine we find well expressed in *Hall* v. *Dekker,* 45 Cal. App.2d 783, 786-787 [115 P.2d 15] :

"It is the established law that a director or officer of a corporation may not enter into a competing enterprise which cripples or injures the business of the corporation of which he is an officer or director (*Red Top Cab Co.* v. *Hanchett,* 48 F.2d 236, 238; *Hussong Dyeing Mach. Co.* v. *Morris,* (N.J.) 89 A. 249, 250). Vice-Chancellor Leaming thus accurately states the rule in *Hussong Dyeing Mach. Co.* v. *Morris, supra,* at page 250 :

" ' . . . It was not lawfully possible for the defendant while a director and treasurer of complainant corporation, to enter into an opposition business in his own behalf of such a nature that it would cripple or injure the corporation that he represented, . . .' " (See also *Guth* v. *Loft, Inc.* (1939), 23 Del. Ch. 255 [5 A.2d 503, 511], quoted in *MacIsaac* v. *Pozzo,* 81 Cal.App.2d 278, 284-285 [183 P.2d 910], and *Southwest Pump & Machinery Co.* v. *Forslund* (1930), 225 Mo.App. 262 [29 S.W.2d 165, 169] ; 31 Cal. Law Rev. 188.)

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.