166 A.2d 444 (1960)
Ralph N. CRAIG, Plaintiff,
v.
GRAPHIC ARTS STUDIO, INC., a Delaware corporation, Graphic Supply Company, a Delaware corporation, Graphic Investment Corporation, a Delaware corporation, Warren D. Miller and James Herdman, Defendants,
v.
REPRODUCTION CENTER, INC., a Delaware corporation, Additional Defendant to Counterclaim.
Court of Chancery of Delaware, New Castle.
September 30, 1960.
*445 G. A. Peterson, Wilmington, for plaintiff.
Joseph A. Rosenthal of Cohen & Morris, Wilmington, for defendants, Graphic Arts Studio, Inc., Graphic Supply Co., Graphic Investment Corp. and Warren D. Miller.
Clement C. Wood of Allmond & Wood, Wilmington, for defendant, Reproduction Center, Inc.
No appearance for defendant, James Herdman.
SEITZ, Chancellor.
Plaintiff's original complaint made claim for money advanced for stock and unpaid wages and expenses. The court-approved stipulation and agreement of January 22, 1960, signed by all the then parties, including defendants' then counsel, fixed the rights of such parties. I am satisfied that under its terms the defendants could not thereafter litigate the "original" merits. They were limited to the assertion of defenses which may have arisen after the execution of the Stipulation and Agreement. No such defenses were asserted in the pleadings or at trial and consequently plaintiff is entitled to judgment on the unpaid balance of his claim. However, no action to enforce it will be permitted until complete disposition is made of the counterclaim and cross-claim.
I come now to the counterclaim of certain defendants ("defendants") against plaintiff and their cross-claim against Reproduction Center, Inc. ("Reproduction"). They are based on the allegation that plaintiff violated his fiduciary duty to Graphic Supply Company ("Graphic") by virtue of his connection with Reproduction at a time when he was still working for Graphic.
Delaware has adopted the view that a corporate officer or director is entirely free to engage in an independent competitive business, so long as he violates no legal or moral duty with respect to the fiduciary relation that exists between the corporation and himself. Guth v. Loft, Inc., 23 Del.Ch. 255, 5 A.2d 503. This appears to be the law generally. See 64 A.L.R. at page 784.
The first question here is whether the proof shows that plaintiff violated his fiduciary duty in his relationship to Reproduction Center, Inc. at any time while employed by Graphic. The clientele and business activities of Graphic and another defendant, Graphic Arts Studio, Inc. ("Graphic Arts") were such as to make them complementary. The two were so interrelated in ownership and operation that their financial futures were tied together. I mention this because while technically employed by Graphic, plaintiff in fact helped to mold the welfare of both.
Plaintiff and one Moser discussed the formation of a competitive enterprise approximately six weeks prior to the date plaintiff was discharged by Graphic. At that time plaintiff was a stockholder in Graphic and Graphic Arts and was president of Graphic, of which Moser was an employee. Plaintiff was also in charge of Graphic's operation and in close touch with its customers.
Moser left the employment of Graphic in the latter part of August 1959. Reproduction was incorporated September 1, 1959. Plaintiff and Moser each owned one-half of the stock of Reproduction and became officers and directors thereof. Plaintiff made a $1,000 capital contribution to Reproduction about the middle of September, which was about the time it commenced business. Plaintiff was discharged by Graphic and Graphic Arts on September 23, 1959 when his connection with Reproduction was discovered.
The evidence shows that the corporate defendants were, along with one other company, *446 the only organizations doing this particular kind of business in the general area. The evidence also reveals that the work was of such a nature that there were a limited number of customers, most of whom were known to those in the business. I believe it is clear that plaintiff had made up his mind to terminate his employment with the corporate defendant and go with Reproduction some time before he was discharged and that he only stayed on in order to clear a note which he had endorsed.
While the matter is not free from doubt I conclude that plaintiff did not solicit business for Reproduction while he was still employed by Graphic. He admittedly did so immediately after his discharge. Also, while it is true that plaintiff and Moser took orders for Graphic and Graphic Arts knowing that they could not then fill the orders, I am not satisfied that this was done to make the customers dissatisfied with defendants. I say this because they followed such practice for several years and I believe it was done because of the "hand to mouth" nature of the operations of Graphic and Graphic Arts.
Under the facts of this case, have the defendants shown any breach of fiduciary duty by plaintiff while employed by Graphic?
In the California case of Hall v. Dekker, 45 Cal.App.2d 783, 115 P.2d 15, 17, the court cited with approval the New Jersey case of Hussong Dyeing Mach. Co. v. Morris, 89 A. 249, where the court had stated:
"* * * It was not lawfully possible for the defendant while a director and treasurer of complainant corporation, to enter into an opposition business in his own behalf of such a nature that it would cripple or injure the corporation that he represented, * * *"
The California court went on to say that the facts in their case,
"* * * disclosed that defendant Dekker, while a director and officer of plaintiff corporation, unlawfully assisted in organizing defendant corporation and aided his codefendants in entering into a competing business with that in which plaintiffs were engaged, knowing that to do so would injure plaintiff corporation, and which in fact did deprive plaintiff corporation of business and thus caused it monetary injury."
See also 3 Fletcher, Cyc. of Corps. (perm. ed.), § 856 and 19 C.J.S. Corporations § 785.
I emphasize that the facts in the present case show that plaintiff became an undisclosed 50% owner of a competitive business at a time when he was in effect the manager of Graphic's business. Moreover, it was the type of business which had limited area and customer appeal. The only reasonable inference that can be drawn is that the growth of Reproduction had to be in part at the expense of Graphic's business. It is contrary to human nature to suppose that plaintiff, while continuing to run Graphic's business with knowledge that in time he was leaving and going with "his" own company, would be diligent in seeking to further the business of Graphic. While he was a small shareholder in Graphic and Graphic Arts it is clear that his real interest was in the future of Reproduction. Thus, there was a real conflict between Graphic's interest and plaintiff's interest up until the date of his discharge.
I therefore conclude that plaintiff was guilty of a breach of a fiduciary duty owed Graphic. Under the facts Reproduction must be considered equally responsible. The next question is what injury, if any, resulted to Graphic by virtue of plaintiff's actions? The defendants do not seek an injunction and so the court is solely concerned with damages. Reproduction was in operation for only a period of one week prior to plaintiff's discharge. Consequently, the court is not clear as to what the nature and measure of damages should be under the circumstances. I therefore deem it desirable for counsel to advise me in writing *447 within ten days as to their views on these points so that I may decide them before any accounting takes place.
It is not clear that defendants base any claim exclusively on plaintiff's conduct subsequent to his discharge and I therefore do not consider that problem.

On Motions for Reargument
Both parties filed motions for reargument. Plaintiff's motion is denied because his reasons relate solely to the measure of damages which he has been granted permission to discuss.
The defendants' motion for reargument is denied with one exception. That exception will be decided without further argument. Defendants suggest that the court should take notice of plaintiff's lack of clean hands because of the court's finding of a breach of fiduciary duty. It does seem to the court that absent some special circumstance, which does not here appear, the plaintiff should not be permitted to maintain an action in this court to recover compensation from his employer for the period when he was violating his fiduciary duty, i. e., after September 15, 1959. To the extent the claim includes compensation for that relatively small period it will be disallowed.
The bulk of plaintiff's claim is not subject to the clean hands' defense because it accrued before any breach of duty. I believe my conclusion is entirely consistent with Ely v. King-Richardson Co., 265 Ill. 148, 106 N.E. 619, L.R.A.1915B, 1052. I say this because the Ely case involved a claim which accrued before the period when the employee breached his duty and the court held that it was not subject to the clean hands' doctrine. It clearly appears that the court was not concerned with a claim for compensation for the period when the employee was in violation of his fiduciary duty.
The parties may agree on the amount of the claim subject to the clean hands' defense.
Present order on notice.