[Civ. No. 16211. Third Dist. Jan. 11, 1978.]

J. RICHARD GLADE, Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY,
Respondent;
WENDELL H. RUSSELL et al., Real Parties in Interest.

COUNSEL

Johnson, Greve, Clifford & Diepenbrock, Memering, Stumbos, DeMers, Ford & Norris and Lawrence A. Wengel for Petitioner.

No appearance for Respondent.

Leonard C. Hoar, Jr., for Real Parties in Interest.

OPINION

PUGLIA, P. J.—Petitioner, an attorney, seeks a writ of prohibition to bar the superior court from enforcing its order for the production and inspection of records of confidential attorney-client communications contained in his law office files. Petitioner is one of several defendants in an action for declaratory relief and damages brought by Wendell H. and Lorna E. Russell, the real parties in interest herein. In the interests of simplicity and clarity we shall hereinafter refer to petitioner as defendant and the real parties in interest as plaintiffs.

Defendant had represented plaintiffs in connection with transactions involving certain real property in respect to which he had also represented other clients whose confidential communications are affected by the trial court's discovery order. We issued an order to show cause to determine whether defendant's files relating to his communications with these other clients are protected from disclosure in this action by the attorney-client privilege. (Evid. Code, § 954.)

■ Although resort to prerogative writs during pretrial proceedings is disfavored, they may be employed to review discovery orders challenged by the assertion of a privilege if the procedural situation and the remedies sought justify their application. (*American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 588-589 [113 Cal.Rptr. 561].) Here the discovery order compels disclosure of confidential communications of clients of defendant who are not parties to the underlying action and who will lack standing and opportunity to assert erroneous disclosure of their privileged communications on appeal.

The underlying action filed by plaintiffs arose from the sale of their motel property in Tahoe City known as the "Russell 'N Pines Tower Lodge." Defendant represented the plaintiffs throughout a complicated series of transactions culminating in the sale. Plaintiffs agreed to sell the motel to Farrow Realty Corporation which executed a second deed of trust in their favor and assumed payments under an existing first deed of trust against the property. Farrow Realty also executed a third deed of trust in favor of defendant to secure $25,000 of the total purchase price of $521,900. Defendant thereafter assigned this third deed of trust to Superior Motels, a corporation wholly owned by William and Ruth Henderson. Meanwhile, Farrow Realty had transferred its ownership in the property to "Russell 'N Pines," a limited partnership owned by the shareholders of the realty firm.

Thereafter, "Russell 'N Pines" and Farrow Realty fell behind in their monthly payments under the consolidated first and second deeds of trust. Although contractually entitled under the circumstances to demand return of the property, plaintiffs allowed Farrow Realty to retain possession while they reassumed the obligation under the first deed of trust. Superior Motels, however, initiated foreclosure proceedings under the third deed of trust assigned to it by defendant. This development prompted the filing of plaintiffs' lawsuit against defendant, the Hendersons, Superior Motels, Farrow Realty, Russell 'N Pines, and a local title insurance company. As against defendant, the complaint alleges causes

of action for fraud, legal malpractice, and intentional infliction of emotional distress. All three causes of action are grounded upon the allegation that defendant, during the same period that he was representing plaintiffs' interests, also represented the adverse interests of most of the other parties named in the complaint. The complaint also alleges that defendant represented the adverse interests of William and Olive MacFarland who were defaulting purchasers of the motel under an earlier contract of sale which was rescinded some time before the sale to Farrow Realty took place.

Although the MacFarlands were not named as defendants in the lawsuit, plaintiffs filed a motion for the production and inspection of "All documents of correspondence, notes, and memoranda between defendant J. RICHARD GLADE, and WILLIAM or OLIVE McFARLAND [*sic*] with respect to the RUSSELL 'N PINES TOWER LODGE, a motel situated in Tahoe City, California." Defendant resisted the discovery motion on the basis of the attorney-client privilege. The trial court denied plaintiffs' motion without prejudice in order to afford the MacFarlands an opportunity to appear and present grounds other than those already asserted by defendant for protection of their files. Plaintiffs and defendant stipulated, however, that the MacFarlands' failure to appear at the scheduled hearing would not be construed as a waiver of the attorney-client privilege.

The MacFarlands did not appear at the subsequent hearing and the trial court granted plaintiffs' discovery motion. The order does not disclose the basis for finding the attorney-client privilege inapplicable although it does recite the parties' stipulation that the MacFarlands' failure to appear would not constitute a waiver of the privilege.

The attorney-client privilege defined by Evidence Code section 954 authorizes a client to refuse to disclose, and to prevent others from disclosing, information communicated in confidence to the attorney and legal advice received in return. The objective of the privilege is to enhance the value which society places upon legal representation by assuring the client the opportunity for full disclosure to the attorney unfettered by fear that others will be informed. (*Sacramento Newspaper Guild v. Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 53 [69 Cal.Rptr. 480].) While the privilege belongs only to the client, the attorney is professionally obligated to claim it on his client's behalf whenever the opportunity arises unless he has been instructed otherwise by the client. (Evid. Code, § 955; Bus. & Prof. Code, § 6068, subd. (e).) It

is undisputed that defendant has diligently asserted the privilege on the MacFarlands' behalf throughout the proceedings in the underlying action.

The attorney-client privilege may not be invoked if it has been waived by the client or if it is susceptible to any of the statutory exceptions thereto contained in the Evidence Code. Defendant contends that there is no basis for the lower court's implied finding that the privilege is inapplicable, since neither a waiver nor a statutory exception is shown by the record.

## WAIVER

As set forth in the trial court's order granting plaintiffs' discovery motion, the stipulation as to waiver provides: "If the MacFarlands fail to appear or to communicate, such a failure shall not constitute a waiver of the attorney-client privilege." The court presumably considered itself bound by the stipulation since it chose to include it in the order granting discovery. ■ That assumption is consistent with the rule that a stipulation in proper form is binding upon a court unless it is contrary to law, court rule, or public policy. (*Estate of Burson* (1975) 51 Cal.App.3d 300, 306 [124 Cal.Rptr. 105]; *Bechtel Corp.* v. *Superior Court* (1973) 33 Cal.App.3d 405, 412 [109 Cal.Rptr. 138].)

The only other possible basis upon which a stipulation may be avoided is if it purports to bind the court upon a question of law. (*Leonard* v. *City of Los Angeles* (1973) 31 Cal.App.3d 473, 476 [107 Cal.Rptr. 378].) ■ Since the question of waiver is one of fact (*Los Angeles Fire & Police Protective League* v. *City of Los Angeles* (1972) 23 Cal.App.3d 67, 75 [99 Cal.Rptr. 908]), the stipulation between the parties in the present case bound the lower court to reject waiver as a ground for finding the attorney-client privilege inapplicable.

No waiver of the privilege by the MacFarlands is manifested by the record in any case. To find a waiver arising from the MacFarlands' failure to appear at a hearing in an action in which they are not parties and have no interest would place the burden of asserting the attorney-client privilege upon the client. This result would run counter to the rule that the attorney-client privilege is retained, even without express assertion thereof, until the holder voluntarily discloses a substantial part of the privileged communication or otherwise unambiguously manifests his consent for disclosure by others. (See Evid. Code, § 912, subd. (a);

*People* v. *Perry* (1972) 7 Cal.3d 756, 783 [103 Cal.Rptr. 161, 499 P.2d 129]; cf. *People* v. *Morgan* (1956) 140 Cal.App.2d 796, 804 [296 P.2d 75].) The MacFarlands' failure to appear at the hearing on plaintiffs' discovery motion or otherwise to communicate with the court cannot be construed as an implied waiver of the privilege under the circumstances presented by the record. (See *Rigolfi* v. *Superior Court* (1963) 215 Cal.App.2d 497, 502 [30 Cal.Rptr. 317].)

## STATUTORY EXCEPTIONS

In support of their motion for production of the MacFarland files, plaintiffs urged three statutory exceptions to the attorney-client privilege contained respectively in Evidence Code sections 956, 958, and 962.

Evidence Code section 956 provides: "There is no privilege under this article if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud."

■ Section 956 codifies the common law rule that the privilege protecting confidential communications between attorney and client is lost if the relation is abused by a client who seeks legal assistance to perpetrate a crime or fraud. (*Agnew* v. *Superior Court* (1958) 156 Cal.App.2d 838, 840 [320 P.2d 158]; *Abbott* v. *Superior Court* (1947) 78 Cal.App.2d 19, 21 [177 P.2d 317].) Plaintiffs have never contended that the MacFarlands entertained a fraudulent motive in securing defendant's legal assistance. Rather they argue that defendant used his professional relationship with the MacFarlands and other clients fraudulently to advance interests adverse to plaintiffs with respect to the motel property.

Plaintiffs construe section 956 to operate as an exception to the attorney-client privilege not only when the client abuses the professional relationship but also when the attorney does so by misusing confidential information related to him by an unsuspecting client. The trial court apparently rejected this argument since it deleted the following paragraph from the order granting plaintiffs' discovery motion which was submitted by plaintiffs for the court's signature: "Plaintiffs have established prima facie evidence that their charge of fraud against [defendant] has some foundation in fact. [Citations.] Public policy demands that the 'fraud' exception to the attorney-client privilege be given the broadest interpretation. [Citation.]"

Plaintiffs' proferred construction of Evidence Code section 956 is defeated by the literal language of the section. This exception is invoked only when a client seeks or obtains legal assistance "to enable or aid" one to commit a crime or fraud. The quoted language clearly requires an intention on the part of the client to abuse the attorney-client relationship, although the actual wrongdoing may be perpetrated by anyone. Accordingly, an attorney's misuse of confidential information to defraud others will not invoke the exception of section 956 if the client did not seek legal assistance to further this purpose, and he was unaware of the attorney's contemplated wrongdoing. Plaintiffs' concession that the MacFarlands pursued legitimate objectives in obtaining defendant's legal services eliminates section 956 as a basis for finding the attorney-client privilege inapplicable herein.

Our construction of Evidence Code section 956 comports with the underlying objective of the attorney-client privilege to encourage full and free interchange of confidential information between a client and his attorney. A client would be disinclined freely to divulge confidential information to an attorney if disclosure of this information later could be compelled because of the attorney's uncommunicated intention to use it for an improper purpose. Such a result "would pervert the function of counseling" (Louisell & Wally, Modern Cal. Discovery (2d ed. 1972) § 10.04, p. 593) and would denigrate "public policies of paramount importance" underlying the attorney-client privilege. (*In re Jordan* (1972) 7 Cal.3d 930, 941 [103 Cal.Rptr. 849, 500 P.2d 873].)

■ Plaintiffs also rely upon the statutory exception to the attorney-client privilege set forth in Evidence Code section 958 which provides: "There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship."

Section 958 is invoked when either the attorney or client charges the other with a breach of duty arising from their professional relationship. The Legislature deemed it unjust for a party to that relationship to maintain the privilege so as to preclude disclosure of confidential communications relevant to the issue of breach which another party thereto has raised. (Evid. Code, § 958, Cal. Law Revision Com. com.; see also Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar 1972) § 40.4, p. 698.) This rationale has no application to the present case. Although plaintiffs contend that defendant breached various fiduciary duties owed to them they seek disclosure of communications between their attorney

and other clients of his not privy to the relationship between defendant and plaintiffs. If section 958 were construed to extend to this situation, a litigant who tendered an issue of breach relative to his own representation by an attorney would be able unilaterally to waive the attorney-client privilege held by other clients of the same attorney. None of the statutory exceptions to the attorney-client privilege are designed to permit such a result. (Cf. *American Mut. Liab. Ins. Co.* v. *Superior Court, supra,* 38 Cal.App.3d at p. 595.)

■ Plaintiffs' reliance upon Evidence Code section 962 is equally misplaced. Section 962 provides: "Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them . . . may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients . . . and another of such clients . . . ."

Since the MacFarlands are not parties to the present proceeding, section 962 is inapplicable by its express terms. Moreover, the exception to the privilege defined by this section is not invoked as to communications made in confidence to the attorney by one of the joint clients at a time when the other client was not present. (*Cavanaugh Nailing Mach. Co.* v. *Cavanaugh* (1959) 167 Cal.App.2d 657, 660 [334 P.2d 954]; *Petty* v. *Superior Court* (1953) 116 Cal.App.2d 20, 29 [253 P.2d 28].)

Absent a waiver by the MacFarlands of the attorney-client privilege or statutory exception thereto, the trial court's discovery order lacks a supportable basis to the extent that it compels production of defendant's files containing confidential communications between defendant and the MacFarlands.

Accordingly, let a writ of prohibition issue directing the superior court to vacate the subject order insofar as it compels production of records of such confidential attorney-client communications. The order to show cause previously issued is discharged. Defendant will recover his costs.

Friedman, J., and Paras, J., concurred.

A petition for a rehearing was denied January 27, 1978, and the petition of the real parties in interest for a hearing by the Supreme Court was denied March 9, 1978. Richardson, J., did not participate therein.