[Civ. No. 10445. First Appellate District, Division One.—May 13, 1937.]

G. C. CROCE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Chandler & Quayle for Petitioner.

Hatfield, Wood, Perry & Maddux for Respondent.

KNIGHT, J.—The determinative question here presented is whether an attorney who has represented several clients associated in a business enterprise, in the defense of an action involving their common interest, wherein it was denied that a copartnership existed between them, is disqualified, and the law firm of which he later became a member is also disqualified, from afterwards representing one of those former clients as plaintiff in subsequent litigation instituted against his associates, wherein it is alleged that a copartnership did exist between them. After a hearing in the superior court pursuant to a motion made by the petitioner in that behalf, wherein evidence was introduced, the superior court held in the negative, and thereafter petitioner instituted this proceeding in *mandamus* to compel the superior court to enter its order disqualifying said attorney and the firm of which he is now a member from further participation in the latter litigation. We are of the opinion that the trial court's ruling should be sustained.

The ground urged for such disqualification is that while said attorney was representing the common interests of all of said clients in the former litigation, he acquired confidential information from petitioner and his associates which is material, relevant and pertinent to the determination of the latter litigation, and that such information may be, and petitioner fears it will be, used in the latter litigation to the detriment, damage and prejudice of petitioner.

But it appears to be well settled, as stated in Thornton on Attorneys at Law (vol. 1, p. 183), that ''When two or more clients employ the same attorney in the same business, communications made by them in relation to such business are not privileged *inter sese;* nor are such communications privileged as between any one of the parties and the attorney. It is the secrets of the client which affect his right that the law does not permit the attorney to divulge. By selecting the same attorney, and making their communications in the presence of each other, each party waives his right to place those communications under the shield of professional confidence.'' (See, also, *Wahl's Estate,* 218 Ill. App. 295; *Stewart* v. *Todd,* 190 Iowa, 283 [173 N. W. 619, 180 N. W. 146, 20 A. L. R.

1272], and Chamberlayne, "The Modern Law of Evidence", vol. 5, p. 5281.) The same doctrine is adhered to in California. (*Harris* v. *Harris,* 136 Cal. 379 [69 Pac. 23] ; *Estate of Bauer,* 79 Cal. 304 [21 Pac. 759].) As said in the latter case, "When two persons address a lawyer as their common agent, their communications to the lawyer, as far as concerns strangers, will be privileged, but as to themselves they stand on the same footing as to the lawyer, and either can compel him to testify against the other as to their negotiations." Therefore, in the present case the communications made by parties united in a common interest to their joint or common counsel, while privileged against strangers, are not privileged as between such parties nor as between their counsel and any of them, when later they assume adverse positions.

Petitioner points out that in the cases cited the question of disqualification arose when the attorney was called as an adverse witness. But in any situation the foundation of disqualification is the existence of a former confidential relationship, and while no cases precisely in point have been cited by either side, it would seem to follow necessarily that if under the circumstances stated an attorney is not disqualified from serving as an adverse witness, it cannot be held that under the same circumstances he is disqualified from serving as an adverse attorney.

█ Rule 5 of the Rules of Professional Conduct (213 Cal. cxiv) and rule 37 of the Canons of Ethics of the American Bar Association, cited by petitioner, are not applicable. They are controlling in cases of disclosure to a stranger of confidential information obtained from a client. For like reasons the California cases and code sections cited by petitioner in support of his position, notably *Galbraith* v. *State Bar,* 218 Cal. 329 [23 Pac. (2d) 291], and *Wutchumna Water Co.* v. *Bailey,* 216 Cal. 564 [15 Pac. (2d) 505], are not in point.

The conclusions reached on the controlling issue above mentioned make it unnecessary to inquire into the remaining points urged by respondent in opposition to the granting of the petition. The peremptory writ is denied and the proceeding is dismissed.

Tyler, P. J., and Cashin, J., concurred.