■ LAWRENCE A. OMANSKY et al., Appellants, v 64 N. MOORE ASSOCIATES et al., Respondents, et al., Respondents. [703 NYS2d 471] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 22, 1998, which, in a purported special proceeding converted to a plenary action by prior order of the IAS Court, insofar as appealed from as limited by plaintiffs' brief, denied plaintiffs' motion to disqualify counsel for defendant partnership and defendant condominium association, struck an unfiled purported third-party action against such counsel, granted the partnership's and the condominium's cross motion to the extent of dismissing, *inter alia*, the complaint's prayer for punitive damages, and denied plaintiffs' application for attorneys' fees or other sanctions, unanimously affirmed, with costs.

The motion court correctly denied plaintiffs' application to disqualify the law firm representing the partnership, of which one plaintiff is a member, and the condominium association, of which the other plaintiff is a member, in this action. The law firm's representation of the partnership in a prior action did not render the law firm counsel for the plaintiff partner in that action (*see, Kushner v Herman*, 215 AD2d 633). Nor is the law firm's alleged advice to the partnership to withhold from the plaintiff partner his share of the settlement payment to the partnership in that action unless he withdrew the instant action relevant to any issue in this action so as to create a need for testimony by any attorney with the law firm, or indicative

of the misuse of any confidential information provided to the law firm by such plaintiff. The purported third-party summons and complaint against the law firm that plaintiffs served on the law firm did not assert claims constituting a proper third-party action under CPLR 1007, and the motion court therefore properly treated plaintiffs' submission of such papers in their reply papers in further support of their motion to disqualify as a motion for leave to serve an amended or supplemental pleading adding the law firm as an additional defendant, which leave the court properly denied under the circumstances (*see*, CPLR 3025 [a], [b]).

The motion court correctly dismissed plaintiffs' prayer for punitive damages, since the only cause of action on which such prayer was based has been dismissed for mootness, and plaintiffs' appeal, as limited by their brief, does not challenge such disposition (*see*, *Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616-617). Since plaintiffs had not, as of the time the order appealed from was rendered, obtained any relief benefiting the partnership or the condominium, the motion court properly denied their application for attorneys' fees or other sanctions.

Although the brief for the partnership and the condominium requests that we modify the order on appeal so as to grant their cross motion to the extent it sought summary judgment dismissing plaintiffs' third and fourth causes of action, we have no jurisdiction to review the order insofar as it denied such cross motion in the present circumstances in which none of the defendants has filed any notice of appeal or cross appeal (*see*, *Hecht v City of New York*, 60 NY2d 57, 61). Concur—Williams, J. P., Wallach, Saxe and Buckley, JJ.