■ JOSEPH BARTFIELD, Respondent, v RMTS ASSOCIATES, LLC, Appellant. (Action No. 1.) JAMES MURPHY, Respondent, v THOMAS AXON, Appellant. RMTS ASSOCIATES, LLC, Additional Counterclaim Plaintiff-Appellant, v JOSEPH BARTFIELD et al., Additional Counterclaim Defendants-Respondents, et al., Defendant. (Action No. 2.) RMTS ASSOCIATES, LLC, Appellant, v JAMES B. MURPHY et al., Respondents, et al., Defendant. (Action No. 3.) [783 NYS2d 560]—

Three orders, Supreme Court, New York County (Charles E. Ramos, J.), entered April 28, 2004, which, to the extent appealed from, granted the motions of Action No. 1 plaintiff Bartfield, Action No. 2 plaintiff James Murphy and additional counterclaim defendants, and Action No. 3 defendants, pursuant to CPLR 4401, to dismiss the claims and counterclaims alleging breaches of fiduciary duty, unanimously affirmed, without costs. Order, same court, Justice and entry date, which declared valid James Murphy's assignment of his member interest in Action No. 1 defendant RMTS to Action No. 2 additional counterclaim defendant Jane Murphy, unanimously affirmed, without costs.

Following the close of evidence, the trial court properly dismissed the causes of action and counterclaims alleging breaches of fiduciary duty on the part of Bartfield and James Murphy while they were still members of RMTS. The discussions between Murphy and Bartfield to create a company that would compete with RMTS, and the subsequent steps that were taken to form the competing company, did not constitute breaches of their fiduciary duty (*see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112 [1995]; *and see Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180 [2000]). There was no demonstration at trial that Bartfield and James Murphy had made improper use of RMTS's time or facilities, disseminated its confidential information or otherwise usurped its business opportunities for the new, competing company.

The trial court also properly concluded that the assignment of James Murphy's interest in RMTS to his wife, Jane, was valid. There was no operating agreement in place for RMTS prohibiting such an assignment, which is otherwise authorized by law (Limited Liability Company Law § 603 [a] [1]).

We have considered RMTS's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Marlow, JJ.