(February 22, 2005)

■ PAUL SYGROVE, Respondent, v MARILYN SYGROVE et al., Appellants. PAUL SYGROVE, Respondent, v MARILYN SYGROVE et al., Defendants, and TESS ROSENBERG et al., Appellants. [791 NYS2d 74]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered August 11, 2003, which, to the extent appealed from, denied the motion of all defendants for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint. Appeal from order, same court and Justice, entered January 30, 2003, which, to the extent appealed from, denied the motion of defendants Tess Rosenberg and S.R. Rosenberg Associates to dismiss plaintiff's fraudulent conveyance cause of action, unanimously dismissed, without costs, as academic.

In a previously commenced matrimonial action between plaintiff Paul Sygrove and defendant Marilyn Sygrove, the Supreme Court (Joan B. Lobis, J.), held that Paul Sygrove had been deprived of his equitable share of the marital residence by the transfer of the property from Marilyn Sygrove to a corporation controlled by her mother, defendant Tess Rosenberg. The Supreme Court concluded that the transfer was not a bona fide transfer for value. For equitable distribution purposes, the Supreme Court determined the value of the marital premises based on credible evidence of a bona fide offer made at virtually the same time as the transfer. The court then awarded Paul Sygrove 50% of the equity of the marital premises. On appeal, we are affirming the Supreme Court's valuation of the marital premises with respect to date and monetary value as a proper exercise of discretion (*see Sygrove v Sygrove*, 15 AD3d 292 [2004]).

Before the aforementioned judgment was entered, Paul

Sygrove commenced this action pursuant to the Debtor and Creditor Law against defendant Marilyn Sygrove, her attorney Vivienne Garfinkle, her mother Tess Rosenberg, and her mother's business, S.R. Rosenberg Associates. In this action, plaintiff alleged that Marilyn Sygrove fraudulently conveyed the marital premises to her mother's business without his consent in order to deprive him of his equitable share of the property. In denying defendants' motion for summary judgment dismissing the complaint, the Supreme Court found issues of fact as to defendants' intent to "hinder, delay or defraud" plaintiff. Assuming plaintiff were able to make that showing, defendants are nevertheless entitled to summary judgment dismissing the complaint because plaintiff cannot recover any damages arising out of the fraudulent conveyance. In the context of the earlier matrimonial action, the Supreme Court, in effect, set aside the conveyance of the marital premises as fraudulent in order to determine the value and to award plaintiff his equitable share of the property. Thus, even if, as plaintiff contends, he has stated a cause of action under the Debtor and Creditor Law, he is bound by the matrimonial court's proper valuation of the marital residence, a determination which we deem a proper exercise of discretion. He is entitled to no greater sum of money in this action than he has already received in the matrimonial action. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sullivan, JJ.