Sygrove commenced this action pursuant to the Debtor and Creditor Law against defendant Marilyn Sygrove, her attorney Vivienne Garfinkle, her mother Tess Rosenberg, and her mother's business, S.R. Rosenberg Associates. In this action, plaintiff alleged that Marilyn Sygrove fraudulently conveyed the marital premises to her mother's business without his consent in order to deprive him of his equitable share of the property. In denying defendants' motion for summary judgment dismissing the complaint, the Supreme Court found issues of fact as to defendants' intent to "hinder, delay or defraud" plaintiff. Assuming plaintiff were able to make that showing, defendants are nevertheless entitled to summary judgment dismissing the complaint because plaintiff cannot recover any damages arising out of the fraudulent conveyance. In the context of the earlier matrimonial action, the Supreme Court, in effect, set aside the conveyance of the marital premises as fraudulent in order to determine the value and to award plaintiff his equitable share of the property. Thus, even if, as plaintiff contends, he has stated a cause of action under the Debtor and Creditor Law, he is bound by the matrimonial court's proper valuation of the marital residence, a determination which we deem a proper exercise of discretion. He is entitled to no greater sum of money in this action than he has already received in the matrimonial action. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sullivan, JJ.

■ MARILYN SYGROVE, Respondent, v PAUL SYGROVE, Appellant. [791 NYS2d 73]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered September 13, 2002, inter alia, dissolving the parties' marriage, and, insofar as appealed from, valuing the marital residence as of the date of its transfer by plaintiff to a corporation controlled by her mother, unanimously affirmed, without costs.

The brownstone in question was conveyed to plaintiff in 1989 by a corporation, then controlled by her father and now by her mother, for $750,000, the corporation taking back a $600,000 purchase-money mortgage, and the parties, who were married in 1978, using $150,000 in marital funds to pay for the rest and an additional $50,000 in marital funds to do some immediate renovations. The mortgage fell into arrears almost from the beginning, and in April 1998, plaintiff's mother formally

demanded payment of the mortgage. In July 1998, approximately a year after the commencement of the action, plaintiff conveyed the property to her mother's company by way of a deed in lieu of foreclosure involving cancellation of the mortgage debt of $840,000 and discharge of $30,000 in overdue real estate taxes. Just before this transfer the property had been listed for sale with an asking price of $1.2 million, and just after the transfer there was a cash offer of $950,000, which was rejected. No basis exists to disturb the trial court's findings that this listing and offer constitute the only credible evidence of value as of the time of the transfer. Credited expert testimony valued the property at $2.1 million in July 2001, shortly before commencement of the trial. The trial court rejected defendant's argument that the property should be valued at $2.1 million for purposes of equitable distribution, and instead valued the property at $950,000, the amount of the cash offer. This was a proper exercise of discretion (see Poster v Poster, 4 AD3d 145, 146 [2004]). Plaintiff's mother had a much greater stake in the property than the parties, and if she did not present a credible threat of foreclosure, the growing tax arrears did. While the transfer was intended simply to eliminate plaintiff's mortgage and real estate tax obligations, and thus did not reflect the property's fair market value, the trial court gave that circumstance appropriate consideration by valuing the property in the amount of the bona fide offer that was made at virtually the same time as the transfer. Concur—Tom, J.P., Andrias, Marlow, Williams and Gonzalez, JJ.