Watering II LLC v. Speed Channel, Inc., No. 182-6-03 Bncv  (Carroll, J., Aug. 5, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    BENNINGTON SUPERIOR COURT
BENNINGTON COUNTY, SS.                              DOCKET NO. 182-6-03Bncv

WATERING II, LLC and
HMN HOLDINGS, LLC, in its
own capacity and derivatively on
behalf of ECLASSICS.COM, LLC,
     Plaintiffs

       V.

SPEED CHANNEL, INC.
     Defendant

### ORDER ON DEFENDANT SPEED CHANNEL INC.'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

On June 6, the Court convened a hearing and heard oral argument on Defendant's Motion to Disqualify Plaintiffs' Counsel. The parties were present along with counsel. Defendant asks the Court to order that Plaintiffs' attorneys, including Dorsey & Whitney LLP, Arnold & Porter LLP and James B. Swire, Esq., are disqualified from representing Plaintiffs, due to a conflict of interest.

**Background**

The facts material to this motion are not in dispute. Plaintiffs and Defendant were involved in a joint venture established in April 2000, which produced the eClassics Limited Liability Company Agreement. The venture involved the production of media and entertainment relating to classic cars. Other parties were involved in the project who are not parties to this

1

action. The instant lawsuit arises out of Plaintiffs' claim that Defendant, beginning in February 2001 or thereabouts, breached its obligations under the parties' agreement. This case was filed in June 2003 and Attorney Swire was admitted *pro hac vice* by this Court on June 20, 2003. It was the first motion granted by the Court in this case.

At the time of the creation of the joint venture, Attorney James Swire, who was affiliated with the law firm of Dorsey & Whitney, was hired to provide legal assistance and advice to eClassics, the joint venture. At the time of the formation of the joint venture agreement, all parties to the agreement were represented by their own counsel. Swire was hired to provide counsel to eClassics about issues relating to the venture, such as its business plan and tax implications. He also introduced eClassics to certain investment houses. In January 2005, Swire left Dorsey & Whitney and joined Arnold & Porter.

When the alleged breach of the eClassics agreement by Speed occurred, the parties immediately squared off. In September 2001, Swire notified Speed's counsel via letter that he was representing Plaintiffs in the recent dispute. He again notified Speed's attorneys in November 2001 that he was involved in the breach of contract dispute, representing Plaintiffs.

Defendant argues that Attorney Swire and both firms he has recently worked with should be ordered to withdraw from representing Plaintiffs in this matter because Swire and Dorsey & Whitney provided legal advice to Speed, as part of the joint venture, and that their representation of Plaintiffs in a claim against Speed, without Speed's consent, violates Vermont Rule of Professional Conduct 1.9. Defendant further asserts that Arnold & Porter should also be disqualified because Attorney Swire's knowledge is imputed to that firm.

Plaintiffs object to the motion, arguing that (1) Swire never represented Speed; (2) the

2

work performed for eClassics, which included Speed, does not substantially relate to the issues in this case; (3) Neither Swire, nor his law firms, have obtained any confidential information relevant to the pending suit during its representation of eClassics; and (4) Speed has waived the conflict if one is found to exist. The Court will address only the first of Plaintiffs' arguments, because it will resolve the motion.

**Discussion**

In resolving this disqualification issue, the Court must keep in mind that "'a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel,' and lose the benefit of counsel's familiarity with the case." Stowell v. Bennett, 169 Vt. 630, 632 [citing Bergeron v. Mackler, 623 A.2d 489, 493 (Conn. 1993)].

The Vermont Rules of Professional Conduct discuss disqualification, due to the conflict of interest stemming from prior representation of a client. Vermont Rule of Professional Conduct 1.9(a) provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The Court's first determination in resolving the recusal issue is whether Speed is in fact a former client of Attorney Swire and Dorsey & Whitney. Because Attorney Swire was hired to represent a joint venture, of which Speed was a constituent, the Court must look further. Vermont Rule of Professional Conduct 1.13 provides that:

> (a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents......
>
> (d) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identify of the client

when it is apparent that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing......

The Reporter's Notes to this section further explain that while employees of the organization itself enjoy an attorney/client relationship with the organization's counsel, "(t)his does not mean, however, that constituents of an organizational client are the clients of the lawyer." Reporter's Notes, Rule 1.13, p. 648. In fact, if the organization's counsel is aware of wrongdoing by one of the organization's constituents, "it may be reasonably necessary for the lawyer to refer the matter to the organization's highest authority. Ordinarily, that is the board of directors or similar governing body." Id.

The above makes clear that, although Attorney Swire provided legal counsel to the joint venture, eClassics, Swire and Speed individually did not enjoy an attorney/client relationship. In fact, the Rules speak to the contrary, requiring an attorney in Swire's position at the time to report to authorities of the joint venture if he had believed Speed was committing any wrongdoing. If one were to presume that an attorney/client relationship existed between Swire and Speed, Swire would not have been able to fulfill his duties under Rule 1.13 because he would have been required to keep communications between Speed and himself confidential, thus rendering his representation of the joint venture meaningless. In addition, good policy would not require an attorney who has extensively represented an organization over a period of time to be disqualified from representing that organization in litigation in the event one of its participants acted injuriously to the corporation.

In Croce v. Superior Court In and For City and County of San Francisco, 68 P.2d 369 (Cal.App.2d 1937), the Court answered the question:

(W)hether an attorney who has represented several clients associated in a business

4

enterprise, in the defense of an action involving their common interest, wherein it was denied that a copartnership existed between them, is disqualified, and the law firm of which he later became a member is also disqualified, from after-wards representing one of those former clients as plaintiff in subsequent litigation instituted against his associates, wherein it is alleged that a copartnership did exist between them.

Id. at 369. In the case, the party seeking disqualification argued that the attorney had acquired confidential information from the party which was relevant and material to the issue presented in the litigation and that such information would be used to the detriment of this party. In affirming the decision of the lower court, which declined to order disqualification, the Court held that:

(I)n the present case the communications made by parties united in a common interest to their joint or common counsel, while privileged against strangers, are not privileged as between such parties nor as between their counsel and any of them, when later they assume adverse positions.

Id. at 370. It is important to note that this result was reached even though the subject of the litigation was the very existence of the partnership itself.

In a subsequent case, the New York Supreme Court, Appellate Division, held that where a law firm represented a partnership in a prior action, it did not render the law firm counsel for one of the individual partners, thus not preventing the law firm from representing the partnership in an action brought by that partner. Omansky v. 64N. Moore Associates, et al., 269 A.D. 2d 336 (N.Y.S.2d. 2000). Speed attempts to distinguish this case in its reply brief, arguing that "(n)othing in Omansky suggests that the law firm's prior representation of the partnership had a connection to the subject action from which plaintiff sought to disqualify the firm." See Defendant Speed Channel Inc.'s Reply to Plaintiffs' Response to Motion to Disqualify Plaintiff's Counsel, at p. 6. Asserting this argument, however, is putting the cart before the horse. The Court will only reach the question of whether the subject matter of the prior representation and

5

the instant litigation are substantially related *after* the Court concludes that the party moving for disqualification is, in fact, a former client.

In further support of the finding that Speed is not a former client of Swire's, one may assume that a constituent in Speed's position would have possessed a reasonabl expectation of confidentiality between its representatives and eClassics' counsel during the representation by Swire. Anything communicated to Swire during that time, by any participant in the joint venture, would have been the joint venture's information and "known by the corporation" so to speak. Speed should reasonably have known that anything conveyed to the joint venture's attorney would not be confidential as to the other members of the organization which Swire represented.

Speed has also argued that Swire should be disqualified because of the appearance of impropriety and the risk of affecting Speed's confidence in the continued litigation. In fact:

> (C)ourts have generally rejected the argument that an appearance of impropriety, standing alone, is a sufficient ground for disqualification of an attorney....As the Connecticut Supreme Court has observed, 'the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases.' (Internal citations omitted).

Stowell v. Bennett, 169 Vt. at 632 (citing Bergeron, 623 A.2d at 494).

Based upon the above, the Court concludes that Attorney Swire's representation of Plaintiffs in this case is not prohibited, as Speed is not a former client under Vermont Rule of Professional Responsibility 1.9.

WHEREFORE, Defendant Speed Channel Inc.'s Motion to Disqualify Plaintiffs' Counsel is hereby **DENIED**. The Court makes no award of attorney's fees as requested.

Dated:

6

_____
Karen R. Carroll
Presiding Judge

7