◼ ·ORANGE COUNTY LAND IMPROVEMENT, INC., Appellant, v HARRY FOOTE et al., Respondents. [833 NYS2d 606]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered April 18, 2006, which, upon an order of the same court dated August 11, 2005, as amended by order dated December 7, 2005, granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, is in favor of the defendants and against it dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order dated August 11, 2005 is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

In 1999 the defendant Harry Foote and Hratch Kaprielian entered into a verbal agreement to form the plaintiff Orange County Land Improvements, Inc., to jointly engage in the excavating and real estate business. With his experience in excavation, Mr. Foote and his wife, the defendant Sharon Foote, agreed to run the daily operations of the corporation, and Mr. Kaprielian agreed to provide financial support for the business. Mr. Foote allegedly promised to exercise his "best efforts" to grow the business and make it profitable.

The plaintiff incurred a small loss during its first year, a profit during its second year and a loss in its third year. Nevertheless, Mr. Kaprielian dissolved the plaintiff corporation in its fourth year of existence. In 2002 the plaintiff commenced this action against the defendants alleging breach of contract, breach of fiduciary duties, and a violation of Business Corporation Law § 720, alleging, among other things, that the defendants appropriated corporate assets and usurped business opportunities.

At the close of the plaintiff's evidence at trial, the Supreme Court properly granted the defendants' motion pursuant to CPLR 4401 to dismiss the complaint (see Bartfield v RMTS Assoc., LLC, 11 AD3d 386, 387 [2004]; Dunay v Ladenburg, Thalmann & Co., 170 AD2d 335, 337 [1991]). The plaintiff failed to provide any evidence to demonstrate the existence of a contract or a fiduciary relationship between itself and the defendants (see Bartfield v RMTS Assoc., supra at 387; Vitale v Steinberg, 307 AD2d 107, 108 [2003]; Michnick v Parkell Prods., 215 AD2d 462, 463 [1995]). The plaintiff improperly raised the issue of whether it was a third-party beneficiary to the verbal agreement between Harry Foote and Kaprielian for the first time in its reply brief (see David B. v Millar, 2 AD3d 763, 764 [2003]; Coppola v Coppola, 291 AD2d 477 [2002]).

In addition, the plaintiff did not make a prima facie case that the defendants violated Business Corporation Law § 720 in the absence of a certificate of incorporation pursuant to Business Corporation Law § 402 (b) (see Bildstein v Atwater, 222 AD2d 545 [1995]), or such other evidence demonstrating that the defendants were officers or on the board of directors of the corporate plaintiff (see Loughlin v Wocker, 152 App Div 466, 468 [1912]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.