■ JANE S. MURPHY, Appellant, v RMTS ASSOCIATES, LLC, et al., Respondents. [897 NYS2d 417]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 19, 2008, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment on her fourth and fifth causes of action for fraudulent conveyance, unanimously modified, on the law, to the extent of dismissing such causes of action upon a search of the record. The Clerk is directed to enter judgment dismissing the complaint as against all defendants.

After establishing the validity of her claimed membership interest in defendant RMTS Associates, LLC (*Bartfield v RMTS Assoc., LLC*, 11 AD3d 386 [2004], *lv denied* 4 NY3d 708 [2005]), plaintiff commenced the instant action seeking, inter alia, a valuation of such interest. Thereafter, and with no notice to plaintiff, defendant Axon, RMTS Associates' majority member, caused virtually all of RMTS Associates' assets to be transferred to a new limited liability company, RMTS, LLC, pursuant to an asset purchase agreement that he signed on behalf of both the seller and the buyer. When plaintiff learned of this transfer, she amended the complaint to include new causes of action for, inter alia, fraudulent conveyance under Debtor and Creditor Law §§ 273 and 276. Supreme Court, after referring the valuation issues to a special referee, struck a balance in favor of plaintiff, to which the parties agreed; the parties also agreed to the dismissal of all of plaintiff's claims other than the two for fraudulent conveyance.

After defendants paid the stipulated amount, resulting in the extinguishment of plaintiff's interest in RMTS Associates, plaintiff moved for partial summary judgment on her causes of action for fraudulent conveyance. Having already collected the full value of her interest in RMTS Associates, she sought counsel fees and punitive damages. Defendants opposed, arguing that the fraudulent conveyance causes of action were rendered academic by the settlement because plaintiff had recovered the full amount of damages to which she is entitled. The IAS court denied plaintiff's motion on the ground that there is an issue of fact as to whether the transfer of the assets was an attempt to defraud plaintiff or merely to separate her from RMTS Associates.

Plaintiff's motion should be denied, not because of any ques-

tions of fact, but because plaintiff cannot recover any additional damages under the fraudulent conveyance claims; accordingly, those claims are moot (*Sygrove v Sygrove*, 15 AD3d 291 [2005]). As defendants argue in their brief without contradiction from plaintiff in her reply brief, plaintiff has abandoned the contention she advanced in Supreme Court that she is entitled to punitive damages and, pursuant to Debtor and Creditor Law § 276-a, attorneys' fees. In any event, she is entitled to neither. Even assuming the asset sale was surreptitious, it indisputably had the lawful effect of separating plaintiff from RMTS Associates and, in any event, the alleged fraud was not so gross and wanton as to justify an award of punitive damages (*James v Powell*, 19 NY2d 249, 260 [1967]). Because plaintiff was fully compensated for her interest in RMTS Associates without regard to the fraudulent conveyance claims, and there is no reason to suppose that the asset sale itself caused plaintiff to incur additional attorneys' fees (*cf. Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [2004] [motion court "err(ed) in awarding fees for services not directly related to or inextricably intertwined with the fraudulent conveyance issue"]), we hold that the fraudulent conveyance claims cannot be prosecuted for the sole purpose of obtaining a finding of actual intent to deceive and thus an award of attorneys' fees. Under these circumstances, such an award would be tantamount to an award of punitive damages.

The mootness of the fraudulent conveyance claims is not affected by plaintiff's claim for nominal damages. Because she sustained actual damages for which she was fully compensated, the justification for an award of nominal damages—to provide a remedy for "a technical invasion of [a plaintiff's] right or a breach of defendant's duty . . . where the plaintiff has failed to prove actual damages or a substantial loss or injury to be *compensated*" (*Brian E. Weiss, D.D.S., P.C. v Miller*, 166 AD2d 283, 283 [1st Dept 1990], *affd* 78 NY2d 979 [1991] [emphasis added])—is absent (*see also Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 95 [1993] [nominal damages "are allowed in tort *only* when needed to protect an important technical right" (emphasis added and internal quotation marks omitted)]).

As the fraudulent conveyance claims are moot, we affirm the denial of plaintiff's motion for partial summary judgment. Searching the record, we determine that, for the same reason, summary judgment should be granted in favor of defendants dismissing the remaining fourth and fifth causes of action (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 109-110 [1984] [Appellate Division has power to search record and

award summary judgment to a nonmoving party that did not appeal]). Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.