12-4432-cv
Excelsior Capital LLC v. Allen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand thirteen.

PRESENT: CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges*,
BRIAN M. COGAN,
*District Judge.*[*]

------------------------------------------------------------------------

EXCELSIOR CAPITAL LLC,
      *Plaintiff-Appellant*,

                                   No. 12-4432-cv

v.

HERBERT A. ALLEN, TERRY ALLEN KRAMER,
TERENCE C. MCCARTHY,
      *Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     JUDD BURSTEIN, Esq., New York, New York.

APPEARING FOR APPELLEES:     PAUL VIZCARRONDO, JR. (Stephen P. Winter, *on the brief*), Wachtell, Lipton, Rosen

---

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

& Katz, New York, New York, *for Appellee Herbert A. Allen*.

Gary P. Naftalis, Scott Ruskay-Kidd, Kramer Levin Naftalis & Frankel LLP, New York, New York, *for Appellee Terry Allen Kramer.*

Richard A. Martin, Ihsan Dogramaci, Orrick, Herrington & Sutcliffe LLP, New York, New York, *for Appellee Terence C. McCarthy.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 2, 2012, is AFFIRMED.

Plaintiff Excelsior Capital LLC ("Excelsior") appeals from the dismissal pursuant to Fed. R. Civ. P. 12(b) of its claims of fraudulent conveyance under Arizona's Uniform Fraudulent Transfer Act, see Ariz. Rev. Stat. § 44-1001, et seq., as well as related state law claims of conspiracy to commit and aiding and abetting a fraudulent conveyance against defendants, descendants of the founder of investment bank Allen & Company. Excelsior alleges that, while their relative C. Robert Allen III ("decedent") was hospitalized shortly before his death, some combination of defendants forged decedent's signature on a document transferring his approximately 18% interest in a family-owned Arizona ranch to a newly created limited liability company (the "LLC"). Excelsior claims that this transaction was intended to frustrate its recovery on an impending money

2

judgment against decedent, who had guaranteed repayment of certain defaulted loans by Excelsior. Because the LLC reconveyed decedent's former interest in the subject ranch to his estate on the day Excelsior commenced this action, Excelsior concedes that its claims for compensatory damages and equitable relief are now moot. It contends that the district court nevertheless erred in dismissing its request for punitive damages.

We review the challenged dismissal de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in Excelsior's favor. See Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Punitive Damages

The district court found it "simply inconceivable that [Excelsior] still has any viable claim for relief to pursue in this action" given Excelsior's admission "that it has suffered no compensable injury" and the court's view that "no court would ever charge a jury on the issue of punitive damages" on the facts alleged. Excelsior Capital LLC v. Allen, No. 11 Civ. 7373 (CM), 2012 WL 4471262, at *7–8 (S.D.N.Y. Sept. 26, 2012). Rather than resolve the issue, the court proceeded to analyze Excelsior's substantive claim of fraudulent conveyance, concluding that it was deficient as a matter of law. See id. at *8–13. Defendants argue on appeal, as they did in the district court, that punitive damages are legally unavailable to Excelsior. We agree and affirm on that ground. See

3

10 Ellicott Square Ct. Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir. 2011) (reiterating that we may affirm on any basis supported by record).[1]

"While a viable claim for damages generally avoids mootness of the action," Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (emphasis added), a request for punitive damages in New York is nonviable "absent a valid claim for compensatory damages," Hubbell v. Trans World Life Ins. Co. of N.Y., 50 N.Y.2d 899, 901, 430 N.Y.S.2d 589, 590 (1980) (holding punitive damages unavailable where res judicata barred underlying claim); accord Prote Contracting Co. v. Bd. of Educ., 276 A.D.2d 309, 310, 714 N.Y.S.2d 36, 37–38 (1st Dep't 2000) (directing vacatur of punitive damages award in light of claims' dismissal, even absent objection to award at trial, because to "allow the verdict on punitive damages to stand in the absence of a substantive cause of action . . . would constitute fundamental error"); Omansky v. 64 N. Moore Assocs., 269 A.D.2d 336, 337, 703 N.Y.S.2d 471, 472 (1st Dep't 2000) (affirming dismissal of punitive damages request where "only cause of action on which such prayer was based ha[d] been dismissed for mootness"). As the New York Court of Appeals has explained, a demand for punitive damages is not a freestanding claim; rather, it "is parasitic and possesses no viability absent its attachment to a substantive cause of action. . . ." Rocanova v. Equitable Life Assurance Soc'y. of U.S., 83 N.Y.2d 603, 616, 612 N.Y.S.2d

---

[1] We apply New York law because "where the parties agree that New York law controls, this is sufficient to establish choice of law." Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 566 (2d Cir. 2011).

339, 344–45 (1994) (directing dismissal of punitive damages request where underlying claims were barred by release).

We had occasion to examine this principle in Action House, Inc. v. Koolik, 54 F.3d 1009 (2d Cir. 1995), in the context of reviewing the district court's jury instructions on punitive damages. There, the plaintiff corporation sought compensatory and punitive damages from Koolik, the owner of half of its shares, under various tort and contract theories, claiming, among other things, that Koolik had taken more than his one-half share of the corporation's profits in the three years preceding his withdrawal from the corporation. Id. at 1010. Koolik argued that he had repaid any excessive withdrawal of Action House funds through a stock purchase agreement that the parties executed. Id. The district court's instructions to the jury allowed it to award punitive damages without making an award of compensatory damages, and the jury therefore returned an award of $362,000 in punitive damages and $0 in compensatory damages. Id. at 1011–12. The district court granted Koolik's motion to vacate the punitive damages award. Id. at 1012. We found the instructions to be inconsistent with New York law, "which requires a finding of actual damages before punitive damages may be awarded." Id. at 1013 (citing Bryce v. Wilde, 39 A.D.2d 291, 294, 333 N.Y.S.2d 614, 616 (3d Dep't 1972), aff'd, 31 N.Y.2d 882, 340 N.Y.S.2d 185 (1972)). We also held that had nominal damages been awarded, an award of punitive damages would have been consistent with New York law, and remanded the case for the district court to determine "whether Koolik

5

repaid all sums wrongfully withdrawn from Action House's checking account and petty cash fund." Id. at 1013–15.[2]

Excelsior offers no argument as to why these decisions do not bar its punitive damages demand. Nor will we devise one. While there may be instances in which a defendant's unilateral post-filing conduct, though it attempts to make the plaintiff financially whole, does not preclude recovery of punitive damages, cf. Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013) ("[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued."), that is not this case. Given Excelsior's concessions that its compensatory and equitable claims are moot and that it has "no damages," J.A. 189, its parasitic request for punitive damages fails under New York law.

2.    Attorney's Fees

Excelsior also claims an entitlement to attorney's fees under New York Debtor and Creditor Law § 276-a (authorizing award of "reasonable attorney's fees" where

---

[2] Insofar as we have held that "punitive awards were not vitiated by the absence of compensatory or nominal damages awards," we have done so in cases involving federal rather than New York law. King v. Macri, 993 F.2d 294, 298 (2d Cir. 1993) (42 U.S.C. § 1983 excessive force claim); see also Cush-Crawford v. Adchem Corp., 271 F.3d 352, 359 (2d Cir. 2001) (Title VII discrimination claim). Moreover, unlike the case here, both cases presented live controversies regarding the respective defendants' liability that persisted to verdict, making an award of compensatory damages available. See Cush-Crawford , 271 F.3d at 359; King, 993 F.2d at 298; see also Virgilio v. City of New York, 407 F.3d 105, 117 n.12 ("King involved a jury verdict[;] it did not extrapolate the effect of a release of a compensatory claim on the viability of a request for punitive damages arising out of the same conduct.").

fraudulent conveyance "is found to have been made by the debtor and received by the transferee with actual intent . . . to hinder, delay or defraud either present or future creditors"). But "fraudulent conveyance claims cannot be prosecuted for the sole purpose of obtaining a finding of actual intent to deceive and thus an award of attorneys' fees." Murphy v. RMTS Assocs., LLC, 71 A.D.3d 582, 583, 897 N.Y.S.2d 417, 419 (1st Dep't 2010). More importantly, such an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990); accord Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 378 (2d Cir. 2004); Cook, 992 F.2d at 19; see also Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 773 (2000) ("[A]n interest that is merely a byproduct of the suit itself cannot give rise to a cognizable injury in fact for Article III standing purposes." (internal quotation marks omitted)).[3]

The judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Because we conclude that Excelsior cannot pursue an otherwise moot cause of action based solely on a claim for punitive damages, we need not decide whether the district court erred in dismissing Excelsior's fraudulent conveyance claims under Arizona law for failure to allege adequately the transfer of a property interest.