Filed 2/10/15; unmodified opn. attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LEWIS ANTEN,<br><br>                  Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>                  Respondent;<br><br>WEINTRAUB TOBIN CHEDIAK<br>COLEMAN GRODIN LAW<br>CORPORATION,<br><br>                  Real Party in Interest. | B258437<br><br>(Los Angeles County<br>Super. Ct. No. BC496527) |

THE COURT:

It is ordered that the opinion filed herein on January 30, 2015, be modified in the following manner:

On page 8, the Disposition is deleted and replaced with the following paragraph:

The petition is granted. Let a peremptory writ of mandate issue directing the superior court to vacate its order of June 30, 2014, denying Anten's motion to compel further responses, and enter a new order granting the motion. Petitioner shall recover his costs of this writ proceeding.

This modification constitutes a change in the judgment.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, P. J.         JOHNSON , J.         MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LEWIS ANTEN,<br><br>          Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>          Respondent;<br><br>WEINTRAUB TOBIN CHEDIAK<br>COLEMAN GRODIN, LAW<br>CORPORATION,<br><br>          Real Party in Interest. | B258437<br><br>(Los Angeles County<br>Super. Ct. No. BC496527) |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Elizabeth Allen White, Judge. Petition granted.

Parker Mills, David B. Parker, and William K. Mills for Petitioner.

No appearance for Respondent.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, Joel E. Boxer, Mark T. Drooks, and David H. Chao for Real Party in Interest.

_____

In a lawsuit between an attorney and a client based on an alleged breach of a duty arising from the attorney-client relationship, attorney-client communications relevant to the breach are not protected by the attorney-client privilege. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 786 (*Dietz*); Evid. Code, § 958.)[1] Also, if multiple clients retain or consult with an attorney on a matter of common interest and the joint clients later sue each other, then the communications between either client and the attorney made in the course of that relationship are not privileged in the suit between the clients. (*Zador Corp. v. Kwan* (1995) 31 Cal.App.4th 1285, 1294 (*Zador*); § 962.) But in general, one joint client cannot waive the attorney-client privilege for another joint client. (*American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 595.)

The present appeal raises the following issue, which lies at the intersection of those rules: When joint clients do not sue each other but one of them sues their former attorney, can the nonsuing client prevent the parties to the lawsuit from discovering or introducing otherwise privileged attorney-client communications made in the course of the joint representation? We answer that question in the negative.

Lewis Anten and Arnold and Lillian Rubin jointly retained Marvin Gelfand and Allan Kirios of the law firm Weintraub Tobin Chediak Coleman Grodin (Weintraub) to advise and represent them on a matter of common interest.[2] This writ proceeding arises from Anten's malpractice action against those lawyers concerning that representation. In response to discovery propounded by Anten, the lawyers objected that Anten's discovery sought communications between the lawyers and the Rubins that were protected by the attorney-client privilege, which the Rubins expressly declined to waive. Anten moved to

---

[1] All subsequent statutory references are to the Evidence Code.

[2] When Gelfand and Kirios were originally retained, they were with the firm Weissmann Wolff Bergman Coleman Grodin & Evall LLP, Weintraub's predecessor. Because any distinction between Weintraub and its predecessor is irrelevant to our analysis, for simplicity we refer to both as Weintraub.

compel further responses, and the superior court denied the motion on the basis of the attorney-client privilege objection.

Anten petitioned for writ relief, and we grant the petition. In a lawsuit between the attorney and one or more of the attorney's joint clients, based on an alleged breach of a duty arising from the attorney-client relationship, relevant communications between the attorney and any of the joint clients, made in the course of the attorney-joint-client relationship, are not privileged.

BACKGROUND[3]

Anten and the Rubins jointly retained the Weintraub lawyers to advise them concerning incorrect tax advice given by their former lawyers (hereafter tax lawyers) and to represent them in the tax audit arising from that advice. The Weintraub lawyers advised Anten and the Rubins that the tax lawyers' error barred the favorable tax treatment they had sought for the sale of their business, and the Weintraub lawyers further advised that the error could not be cured. On the basis of Weintraub's advice, Anten and the Rubins settled with the Internal Revenue Service, paying over $1,000,000.

The Weintraub lawyers further advised Anten and the Rubins that the tax lawyers had committed malpractice and recommended that Anten and the Rubins sue them. At that time, Anten did not want to sue "but rather sought to pursue resolution by means of settlement." Weintraub subsequently "fired [Anten] as a client" and represented the Rubins in filing suit against the tax lawyers. Anten later filed the instant suit against both the tax lawyers and Weintraub.

In October 2013, Anten moved to compel Weintraub to produce further responses to certain form interrogatories and requests for production of documents. Weintraub opposed the motion on the ground that it could not provide further responses

---

[3] Our summary of the factual background is drawn from the pleadings and other documents included in the exhibits to the petition. Nothing in this opinion should be construed as a resolution of a disputed issue of fact or as a determination that certain facts are undisputed.

without violating the attorney-client privilege, which the Rubins had expressly declined to waive. On December 12, 2013, the court ordered Weintraub to produce "further responses in the form of documents for which work product privilege is asserted" but ordered that the documents be produced "only to Anten and Rubin." The court granted no other relief. The court's minute order does not address the claim of attorney-client privilege, and the record before us does not contain a transcript of the hearing.

In late December 2013, Anten served additional discovery on Weintraub. Weintraub objected on multiple grounds including the Rubins' assertion of the attorney-client privilege.

Anten again moved to compel further responses. On June 30, 2014, the court sustained Weintaub's objection based on the Rubins' assertion of the attorney-client privilege. Largely on that basis, the court denied Anten's motion in its entirety.

Anten petitioned this court for a writ of mandate, seeking to overturn the trial court's discovery ruling of June 30, 2014. We issued an order to show cause.

DISCUSSION

Discovery rulings are reviewed for abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)

Anten argues that the trial court abused its discretion by sustaining Weintraub's objection based on the Rubins' assertion of the attorney-client privilege and by denying Anten's motion to compel on that basis. We agree. Under section 958, the communications at issue are not privileged in Anten's lawsuit.

Section 958 provides that "[t]here is no privilege under this article [i.e., no attorney-client privilege] as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." The rationale for the exception is that "'[i]t would be unjust to permit a client . . . to accuse his attorney of a breach of duty and to invoke the privilege to prevent the attorney from bringing forth evidence in defense of the charge . . . .' [Citation.]" (*Solin v. O'Melveny & Myers* (2001) 89 Cal.App.4th 451, 463-464; see also *Glade v. Superior Court* (1978) 76 Cal.App.3d 738, 746 (*Glade*).) For example, it would be "fundamentally unfair for a

4

client to sue a law firm for the advice obtained and then to seek to forbid the attorney who gave that advice from reciting verbatim, as nearly as memory permits, the words spoken by his accuser during the consultation." (*Solin*, *supra*, 89 Cal.App.4th at p. 463.) Similarly, a written fee contract between an attorney and a client is itself a privileged communication (*Dietz*, *supra*, 177 Cal.App.4th at p. 786), but it would be unfair to allow the client to invoke the privilege in order to exclude the contract in an action by the attorney for unpaid fees.

The wording of section 958 is broad, but case law has clarified that the exception is limited to communications between the lawyer charging or charged with a breach of duty, on the one hand, and the client charging or charged with a breach of duty, on the other. (See *Schlumberger Limited v. Superior Court* (1981) 115 Cal.App.3d 386, 392-393 (*Schlumberger*); *Glade*, *supra*, 76 Cal.App.3d at pp. 746-747.) Thus, a legal malpractice defendant cannot invoke the exception in order to permit discovery of communications between the plaintiff and the attorney who represents the plaintiff in the malpractice action. (*Schlumberger*, *supra*, 115 Cal.App.3d at pp. 392-393.) Likewise, a legal malpractice plaintiff cannot invoke the exception in order to permit discovery of communications between the defendant attorney "and other clients of his not privy to the relationship between" the defendant and the plaintiff. (*Glade*, *supra*, 76 Cal.App.3d at pp. 746-747.) But there is no case law addressing the scenario presented in the instant case, in which one *joint client* charges the attorney with a breach of duty, but other joint clients do not.

The present case falls squarely within the literal terms of section 958. Anten seeks production of communications relevant to issues of breach by Weintraub of duties arising out of the lawyer-client relationship. Thus, under the plain language of section 958, the attorney-client privilege does not apply to those communications. Moreover, although we recognize that, for reasons of public policy, a literalistic application of the statute is not always appropriate (see *Schlumberger*, *supra*, 115 Cal.App.3d at pp. 392-393; *Glade*, *supra*, 76 Cal.App.3d at pp. 746-747), here both the plain language of the statute and policy considerations lead to the same result.

5

First, because Anten and the Rubins were joint clients of Weintraub, the Rubins' communications with Weintraub were not confidential as to Anten.[4] "[I]n a joint client situation, confidences are necessarily disclosed." (*Zador, supra,* 31 Cal.App.4th 1285, 1294.) Consequently, "communications made by parties united in a common interest to their joint or common counsel, while privileged against strangers, are not privileged as between such parties nor as between their counsel and any of them, when later they assume adverse positions." (*Croce v. Superior Court* (1937) 21 Cal.App.2d 18, 20 (*Croce*); see also *Clyne v. Brock* (1947) 82 Cal.App.2d 958, 965; *Morris v. Moran* (1960) 179 Cal.App.2d 463, 469; *Petty v. Superior Court* (1953) 116 Cal.App.2d 20, 29-30.)[5] Weintraub's joint representation of Anten and the Rubins, with their knowledge and consent and on a matter of common interest, thus distinguishes this case from *Glade*, which declined to apply section 958 to communications between the defendant attorney and other, *unrelated* clients. (See *Glade, supra,* 76 Cal.App.3d at pp. 746-747.) In *Glade*, the communications at issue were privileged as to the very plaintiffs who were seeking their disclosure. Here, in contrast, the communications at issue are not confidential as to Anten.[6]

---

[4] "Case law has established that joint clients are two or more persons who have retained one attorney on a matter of common interest to all of them . . . ." (*Roush v. Seagate Technology, LLC* (2007) 150 Cal.App.4th 210, 223.) At present, no party denies that Anten and the Rubins were joint clients of Weintraub, having jointly retained the Weintraub attorneys on a matter of common interest.

[5] *Croce, supra,* was primarily about attorney disqualification, and subsequent case law has questioned *Croce*'s holding on that issue. (See *Fiduciary Trust Internat. of California v. Superior Court* (2013) 218 Cal.App.4th 465, 482-485.) But no case casts doubt on the rules articulated in *Croce* concerning the confidentiality of attorney-client communications in the context of joint representation.

[6] Because the communications at issue are not confidential as to Anten, they also are not privileged *as to Anten*, because the attorney-client privilege applies only to confidential communications. (See §§ 952, 954.) That conclusion does not resolve the dispute in this case, however, because those communications would still be inadmissible

Second, considerations of fundamental fairness that are similar to those underlying section 958 as a whole weigh strongly in favor of applying the statute in this context. For example, if one of two joint clients breached an attorney fee agreement but the other joint client did not, and the attorney sued the breaching client, then it would be unjust to allow the nonbreaching client to thwart the attorney's suit by invoking the privilege to prevent introduction of the fee agreement itself. Moreover, the risk of collusion between the joint clients would be substantial. Similarly, if an attorney breached a duty to one of two joint clients but breached no duties to the other, and the wronged client sued the attorney, then it would be unjust to allow the nonsuing client to thwart the other client's suit by invoking the privilege to prevent introduction of relevant attorney-client communications made in the course of the joint representation. Again, the risk of collusion between the attorney and the nonsuing client would be substantial—indeed, the risk would be particularly significant if the alleged breach were that the attorney had favored the interests of the nonsuing client over those of the suing client.

For all of these reasons, we conclude that section 958 prohibits the Rubins (and Weintraub on behalf of the Rubins) from invoking the attorney-client privilege in Anten's lawsuit against Weintraub with respect to relevant attorney-client communications made in the course of the joint representation. Because Weintraub's opposition to Anten's motion to compel was based entirely on the attorney-client privilege, it was an abuse of discretion to deny Anten's motion to compel. We accordingly grant the petition and direct the court to grant Anten's motion.

at trial if they were privileged *as to third parties* (i.e., parties other than Anten, the Rubins, and Weintraub).

## DISPOSITION

The petition is granted. The superior court's order of June 30, 2014, denying Anten's motion to compel further responses, is vacated, and the superior court is directed to enter a new and different order granting the motion. Petitioner shall recover his costs of this writ proceeding.

CERTIFIED FOR PUBLICATION.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

MILLER, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.