Matter of Murphy v New York State Tax Appeals Trib. (2018 NY Slip Op 07377)





Matter of Murphy v New York State Tax Appeals Trib.


2018 NY Slip Op 07377


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

524874

[*1]In the Matter of JAMES B. MURPHY et al., Petitioners,
v
NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Law Offices of James P. Lynn, New York City (James P. Lynn of counsel), for petitioners.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for Commissioner of Taxation and Finance, respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a notice of deficiency of personal income tax imposed under Tax Law article 22.
Petitioner James B. Murphy was a member of RMTS Associates LLC, an insurance company that did business in New York. In 1999, he assigned his interest in RMTS to his wife, petitioner Jane S. Murphy (hereinafter Murphy). This assignment resulted in litigation and, as relevant here, a ruling that the assignment was valid (Bartfield v RMTS Assoc., LLC, 11 AD3d 386, 387 [2004], lv denied 4 NY3d 708 [2005]). Thereafter, Murphy commenced an action in 2005 seeking a valuation of her interest in RMTS, including her share of the profits (see Murphy v RMTS Assoc., LLC, 71 AD3d 582 [2010]). In July 2007, after receiving an accounting report from a court-appointed referee, the trial court determined that Murphy was entitled to an award of $593,869 for her ownership interest in RMTS and a profit distribution of $1,044,399, together with both pre- and post-judgment interest. Shortly thereafter, Murphy partially settled her claim against RMTS for $2,068,917.55, and the parties agreed that $593,869.65 of that amount would be allocated as payment for her interest in RMTS and "not as ordinary income."[FN1] In 2007, petitioners, New Jersey residents, reported a capital gain of $593,869 and "other income" in the amount of $1,475,030 in their federal return, but none of the settlement was allocated to New York on their nonresident return. An audit by the Department of Taxation and Finance ensued, and, in 2013, a notice of deficiency was issued assessing taxes and interest in an amount [*2]exceeding $139,000 based on the $1,475,030 identified as "other income." Petitioners challenged the notice, which was upheld by an Administrative Law Judge, whose finding was upheld by respondent Tax Appeals Tribunal. This CPLR article 78 proceeding ensued.
The crux of petitioners' challenge is that the "other income" was not taxable nonresident income because it was a "return on an intangible asset" and not a distribution of profits. Our review of this challenge "is limited to whether the Tribunal's determination has a rational basis and is supported by substantial evidence" (Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib., 162 AD3d 1281, 1282 [2018] [internal quotation marks and citation omitted]). Moreover, "[b]ecause the present case involves the specific application of broad statutory language, . . . deference to the agency that is charged with administering the statute is appropriate" (id. [internal quotation marks and citation omitted]; see Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]).
New York may tax a nonresident only on income that is "derived from or connected with New York sources" (Tax Law § 631 [a] [1]; see Tax Law § 601 [e] [1]; Matter of Zelinsky v Tax Appeals Trib. of State of N.Y., 1 NY3d 85, 89-90 [2003], cert denied 541 US 1009 [2004]). New York source income includes a taxpayer's "distributive share of partnership income, gain, loss and deduction" (Tax Law § 631 [a] [1] [A])[FN2]. Further, "only the portion [of source income] derived from or connected with New York sources of such partner's distributive share of items of partnership income . . . entering into his [or her] federal adjusted gross income" as determined pursuant to Tax Law § 631 is included as the source income of a partner or limited liability company (hereinafter LLC) member (Tax Law § 632 [a] [1]). Relevant here, this includes income "derived from or connected with . . . a business . . . carried on in this state" (Tax Law § 631 [b] [1] [B]).
Petitioners contend that the Tribunal incorrectly upheld the assessment because Murphy was not a "partner" or member of RMTS and did not receive a distributive share of profits from RMTS. We do not agree. The "membership interest" assigned to Murphy included "the member's right to a share of the profits and losses of the [LLC]" (Limited Liability Company Law § 102 [r]; see Limited Liability Company Law § 603 [a] [1]). As the assignee of a membership interest, Murphy was not automatically entitled to participate in the management or affairs of RMTS, but she was entitled "to receive . . . the distributions and allocations of profits and losses to which the assignor would be entitled" (Limited Liability Company Law § 603 [a] [3]; see Limited Liability Company Law § 603 [a] [4]). Considering these provisions, the fact that Murphy was not a member of RMTS had no bearing on whether the profit distribution to her was taxable. Further, it is undisputed that RMTS "carried on" business in this state (Tax Law § 631 [b] [1] [B]).
Generally, to determine the taxable status of a sum reached by settlement, it is necessary to consider "[i]n lieu of what were the damages awarded?" (Gerstenbluth v Credit Suisse Securities (USA) LLC, 728 F3d 139, 144 [2013] [internal quotation marks and citation omitted]). The record shows that the settlement payment was made in consideration of Murphy withdrawing the four causes of action in her amended complaint seeking her share of RMTS profits for the period 2000 through 2004. The parties, through counsel, expressly allocated $593,869 of the total settlement as payment for Murphy's ownership interest in RMTS and "not as ordinary income" — without further characterization. Consistently, petitioners reported the balance of $1,475,030 as "other income" on their tax returns. Pointing to the award in the underlying litigation, petitioners claim that a portion of the settlement was attributed to interest and, therefore, not taxable. While interest income is generally not taxable nonresident personal income (see Matter of Katz v State Tax Commn., 110 AD2d 1029, 1030 [1985]), it was petitioners' burden to establish that the assessment was erroneous (Matter of Drebin v Tax Appeals Trib. of State of N.Y., 249 AD2d 716, 717-718 [1998]). We recognize that the prior [*3]award included an assessment of interest, but no portion of the settlement was expressly attributed to interest. As noted by the Tribunal, the litigation was resolved by settlement, not court order. Given this structure, the Tribunal reasonably concluded that $1,475,030 of the settlement was for lost profits. As such, we decline to disturb the Tribunal's finding in this regard (see Matter of Domber v Tax Appeals Trib., 263 AD2d 277, 280 [2000], lv denied 95 NY2d 760 [2000]). Having found that the determination was consistent with the statutory language and that petitioners' interpretation was not the "only logical construction" of the relevant provisions, we defer to the Tribunal's construction (Matter of Toronto Dominion Holdings [U.S.A.], Inc. v Tax Appeals Trib. of the State of N.Y., 162 AD3d 1255, 1260 [2018] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Oct. 16, 2018]) and conclude that the determination to issue the 2013 notice of deficiency was reasonable and supported by substantial record evidence.
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Murphy's remaining causes of action seeking counsel fees and punitive damages were ultimately dismissed (Murphy v RMTS Assoc., LLC, 71 AD3d at 583).

Footnote 2: For purposes of Tax Law article 22, a "partnership" includes a limited liability company which, as here, is deemed a partnership for federal income tax purposes (see Tax Law § 601 [f]).